SOLÍS, APPELLANT, *v.* THE RÉGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Caguas.

No. 155.—Decided November 6, 1913.

MORTGAGE—RECORD OF TITLE—PROPERTY LYING IN TWO MUNICIPAL DISTRICTS—DESCRIPTION OF PROPERTY—DISTRIBUTION OF MORTGAGE DEBT.—When a mortgage is created on a single property lying in two separate municipal districts of the same registry of property, it is not necessary to describe separately in the instrument the parts of said property lying in each of the municipal districts, for said descriptions must appear in the separate registries of each of the said municipal districts in the first record of the respective parts of the property; nor is the debtor obliged to state the amount or part of the encumbrance for which each part of the property should respond, section 119 of the Mortgage Law not being applicable to such a case.

The facts are stated in the opinion.
*Mr. Andrés Mena* for appellant.
*Mr. Raul Benedicto,* the registrar, did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public instrument executed before Notary Andrés Mena Latorre in the city of Caguas on July 17, 1913, the spouses José Luis Font y Costa and Dolores Puig y Constanti, as own-

ers of two rural properties, one (*a*) of 58 *cuerdas,* situated in the wards of Tomás de Castro and Hato of the municipal districts of Caguas and San Lorenzo, and the other (*b*) of 22 *cuerdas,* situated in the same ward of Tomás de Castro of Caguas, received a deed of cancellation and acquittance from the spouses José María Solís y Martinó and Asunción Sariego y Espinosa, in whose favor both of the said properties were mortgaged, and executed at the same time another voluntary mortgage in favor of the said spouses for $1,000, payable in instalments, the property (*a*) securing the payment of $600 as principal, with interest at 12 per cent annually thereon, and $150 for costs, expenses and attorney's fees, in case of judicial foreclosure, and the property (*b*) responding for the payment of $400 as principal, with interest thereon at 12 per cent annually, and $50 for costs, expenses and attorney's fees in the same case.

Upon the presentation of a copy of the said instrument for record in the Registry of Property of Caguas, the registrar entered the following decision thereon:

"The cancellation referred to in the foregoing instrument is entered as to property "*a*" on pages 203 and 116, over, of vol. 26 of this city and vol. 18 of San Lorenzo, properties 1321 and 836, duplicate, records 5 and 4 respectively; and, in regard to property "*b*" it is entered by a marginal note on record 4 of property 582, triplicate, on page 115 of vol. 30 of this city; *and in regard to the mortgage therein comprised, the said instrument is recorded* as to property "*a*" on pages 203 and 117 of vol. 26 of this city and vol. 18 of San Lorenzo, properties 1321 and 836, duplicate, records 6 and 5 respectively, and as to property "*b*" on page 117 of vol. 30 of this city, property No. 582, triplicate, record 6. The following curable defects are pointed out: Failure to describe in the instrument the part of property "*a*" which is situated in the ward of Tomás de Castro of this city and the part of the same property which is situated in the ward of Hato of San Lorenzo, and failure to distribute the amount secured by the whole property "*a*" under the mortgage between the two parts composing the said property. Caguas, August 5, 1913. Raul Benedicto, registrar."

From the foregoing decision an appeal was taken to this court by José María Solís y Martinó in so far as it relates to the curable defects referred to therein in connection with the admission to record of the mortgage on the property (*a*) which is situated in two separate municipal districts.

It appears from the decision quoted that property (*a*) is one single property, a part of which is situated in the ward of Tomás de Castro of Caguas and another part in the ward of Hato of San Lorenzo. Therefore as one single property is involved, the mortgage created thereon affects it as a whole and section 119 of the Mortgage Law to the effect that "When several estates are mortgaged together to satisfy one debt only, the sum or portion of the encumbrance for which each estate is to be responsible shall be determined," is not applicable to the present case. Nor is it necessary to describe separately in the instrument the part of the said property which is situated in the ward of Tomás de Castro of Caguas and the part situated in the ward of Hato of San Lorenzo. The said requisites would be necessary if the mortgage were created on two separate properties but not when it affects one single property which is situated in two different municipal districts.

In the first record made of the property containing 58 *cuerdas* in the separate registries of Caguas and San Lorenzo, the parts of the said property lying in each of the said municipal districts must be described with the particulars required by the law. The description required by the registrar in the decision appealed from is not necessary and the interested party is not bound to apportion the amount secured by one single property between two parts thereof when it is his intention that the whole property shall answer for the total debt.

For the foregoing reasons that part of the registrar's decision referring to the curable defects in the mortgage encum-

bering property (a) situated in the municipal districts of Caguas and San Lorenzo, should be reversed.

> *Decision of the registrar reversed as regards curable defects.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice MacLeary took no part in this decision.